UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE RESIDENCE AT 21012 PECKHAM ROAD, GREENLEAF, IDAHO. | Case No. 1:20-MJ-00126-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are the following motions filed by Petitioner Paul Lietz: motion for return of seized property, motion for reconsideration, motion for discovery, motion to the court, and an amended motion for return of seized property. (Dkt. 7, 10, 13, 14, 15.) The motions are fully briefed and at issue. The motions are suitable for disposition without a hearing. Local Civ. R. 7.1(d)(1)(B).

After careful consideration of the record; the parties' briefing; and otherwise being fully advised, the Court will grant in part and deny in part the motions for return of seized property for the reasons set forth below. Further, the Court will deny the motion for reconsideration, motion for discovery, and motion to the court.

## BACKGROUND

The Government applied for a search warrant on May 11, 2020, in connection with an ongoing criminal investigation being conducted for violation of 21 U.S.C. §§ 841(a)(1), 844, and 846 – manufacturing, distribution, or dispensing, or possession with intent to manufacture, distribute, or dispense a controlled substance. (Dkt. 1.) The warrant application sought to search the premises, certain vehicles, and outbuildings

located at 21012 Peckham Road, Greenleaf, Idaho as described in the affidavit attached thereto. (Dkt. 1.) The search warrant was issued by the magistrate judge on May 11, 2020. (Dkt. 2.)

In the morning of May 14, 2020, law enforcement agents executed the search warrant. The warrant return receipt lists the property seized during the search as: United States currency, white phone, black phone, Sony hand cam, and HP laptop. (Dkt. 2.) Other items – vape case containing possible marijuana; pill bottle containing oxycodone; pill pottle from bedroom; and a phone from the bedroom - were initially seized, but then returned by law enforcement at the scene. (Dkt. 7-2, Ex. C.)

Following the search, criminal charges were filed against another individual in *United States v. Sothea Ren*, Case No. 1:20-cr-00111-DCN. Petitioner has not been charged or named in any criminal case.

Petitioner addressed a letter to the United States Department of Justice, dated June 30, 2020, submitting a formal claim and demand for the return of all property. (Dkt. 7-2, Ex. E.)[1] The United States Department of Justice, Drug Enforcement Administration issued and served upon Petitioner, three notices of seizure of property and initiation of administrative forfeiture proceedings, each dated September 8, 2020, concerning the United States currency seized in the May 14, 2020 search. (Dkt. 7-2, Ex. D.)

---

[1] The June 30, 2020 letter is co-signed by Sakhann Ouch, who also resided at the premises searched on May 14, 2020.

On September 28, 2020, Petitioner filed a motion to unseal documents. (Dkt. 4.) The Court granted Petitioner's motion and unsealed the search warrant, affidavit, and search warrant return filed in this matter for purposes of allowing Petitioner access to the same. (Dkt. 6.) A copy of those materials and the Court's Order were mailed to Petitioner on November 13, 2020. (Dkt. 6.) Thereafter, Petitioner filed the motions presently before the Court. (Dkt. 7, 10, 13, 14, 15.)

## DISCUSSION

### 1. Motions for Return of Seized Property (Dkt. 7, 15)

Petitioner seeks return or replacement of all property seized on May 14, 2020 pursuant to Federal Rule of Criminal Procedure 41(g). (Dkt. 7, 15.) Petitioner's motions challenge the lawfulness of the execution of the search warrant, the completeness and accuracy of the warrant return, and the Government's failure to comply with the notice and commencement of the administrative forfeiture processes required by 18 U.S.C. § 983. (Dkt. 26.) Petitioner requests the return of SD cards from video equipment; a patrol eyes video camera; documents and information from personal financial files and computer data; herbal substances; an X-Box; and United States currency. (Dkt. 7, 15.) The Government opposes the motions, arguing the search warrant was lawful and properly executed, and that the forfeiture process of the seized United States currency is in accordance with 18 U.S.C. § 983. (Dkt. 25.)

For the reasons that follow, the Court will grant in part and deny in part Petitioner's motions for return of property as to the United States currency. As to the

other seized items of property, the Court will deny Petitioner's motions for return of property.

### A. Applicable Standard under Rule 41

Under Federal Rule of Criminal Procedure 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g); *United States v. Kama*, 394 F.3d 1236, 1237-38 (9th Cir. 2005). Where, as here, "the motion is made by a party against whom no criminal charges have been brought, such a motion is in fact a petition that the district court invoke its civil equitable jurisdiction." *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir. 2010) (en banc) (per curiam).

The Ninth Circuit has articulated a four-part balancing test for determining whether to exercise equitable jurisdiction to reach the merits of a 41(g) motion. *See Ramsden v. United States*, 2 F.3d 322, 324-25 (9th Cir. 1993). The *Ramsden* test directs courts to consider the following factors:

> 1) whether the Government displayed a callous disregard for the constitutional rights of the movant; 2) whether the movant has an individual interest in and need for the property he wants returned; 3) whether the movant would be irreparably injured by denying return of the property; and 4) whether the movant has an adequate remedy at law for the redress of his grievance.

*Id*. at 325. No single factor is determinative. "If the 'balance of equities tilts in favor of reaching the merits' of the Rule 41(g) motion, the district court should exercise its equitable jurisdiction to entertain the motion." *Kama*, 394 F.3d at 1238 (quoting *Ramsden*, 2 F.3d at 326). Because such a motion is treated as a civil equitable

proceeding, however, "a district court must exercise 'caution and restraint' before assuming jurisdiction." *Ramsden*, 2 F.3d at 324 (*quoting Kitty's East v. United States*, 905 F.2d 1367, 1370 (10th Cir. 1990)). If a district court treats a Criminal Rule 41(g) motion as a civil complaint, "it [is] required to apply the Federal Rules of Civil Procedure." *United States v. Ibrahim*, 522 F.3d 1003, 1008 (9th Cir. 2008).

If the Court reaches the merits of "a motion for return of property [that] is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the seizure was illegal and that he or she is entitled to lawful possession of the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). A return of property should follow only a particularly egregious violation; "[t]he issue is whether the Government's conduct was sufficiently reprehensible ... to warrant this sanction." *Ramsden*, 2 F.3d at 327.

**B.     Seized United States Currency**

The Government reports that agents seized the following United States currency during the search: $5,760.00 from Sothea Ren's wallet; $7,228.00 from a purse containing the identification of Ms. Ren's mother; and $5,020.00 from a safe in the master bedroom. Certain of those amounts were identified as recorded buy funds from undercover drug transactions involving Ms. Ren, namely: $200 from Ms. Ren's wallet and $1,290.00 from the purse of Ms. Ren's mother. (Dkt. 25.)

The Government represents in its response brief that it has instructed the return of: 1) the $5,020.00 seized from the bedroom safe and 2) $5,928.00 of the currency seized from the purse of Ms. Ren's mother, which is the amount remaining after deducting the

$1,290.00 of identified recorded buy funds. (Dkt. 25 at 3.) The remaining seized currency retained by the Government has been noticed in the forfeiture allegation of the superseding indictment returned on February 11, 2021 in *United States v. Sothea Ren*, Case No. 1:20-cr-00111-DCN, Docket No. 20.

Petitioner agrees to the return of the currency seized from the bedroom safe and the purse as stated by the Government, but notes a discrepancy in the Government's calculation of the total amount to be returned. (Dkt. 26.) The correct amount to be returned from the purse is $5,938.00, after deducting the identified recorded buy funds from undercover drug transactions ($1,290.00) from the amount seized from Ms. Ren's mother ($7,228.00). Because there is no dispute over the return of the currency found in the bedroom safe or purse, and the discrepancy in the amount is a minor miscalculation easily corrected, the Court will grant Petitioner's motions for return of property as to the return of the undisputed currency. The Government is directed to return $5,938.00 in seized currency from the purse and $5,020.00 seized from the bedroom safe to Petitioner.

As to the remaining retained currency, the Court will decline equitable jurisdiction and will deny Petitioner's motions for return of property pursuant to Rule 41(g). The Government has established that the remaining currency has been noticed in the forfeiture allegation of the superseding indictment in *United States v. Sothea Ren*, Case No. 1:20-CR-00111-DCN. Therefore, those funds are subject to civil forfeiture proceedings. *See In re Return of Seized Property v. United States*, 625 F.Supp.2d 949, 955 (C.D. Cal. 2009) (citing *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir.1988) (A Rule 41(g) motion is properly denied once a civil forfeiture action has been filed.)). As

such, Petitioner has an adequate remedy at law to pursue a claim for return of the retained currency and to challenge the Government's compliance with the forfeiture notification and filing requirements. Moreover, the other *Ramsden* factors do not weigh in favor of exercising equitable jurisdiction.

Petitioner has not established that he is entitled to lawful possession of the retained currency. (Dkt. 7, 15, 26.) Again, the retained currency is alleged to be recorded funds identified as having been used in an undercover drug transaction that are the subject of a criminal investigation and are noticed in the forfeiture allegation. Petitioner has not shown an individual interest in or need for return of the retained currency, or that any irreparable injury would befall upon him if return is denied. *See Ramsden*, 2 F.3d at 325. Critically, Petitioner has other civil remedies available for pursuing his challenge to the lawfulness of the search warrant and its execution. *See e.g.*, 42 U.S.C. § 1983.

### C. Other Items of Seized Property

Petitioner seeks return of other items seized during the search. (Dkt. 7, 15, 26.) Namely: SD cards from video equipment; a patrol eyes video camera; documents and information from personal financial files and computer data; herbal substances; and an X-Box. Regrettably, the Government's response does not address the other property seized during the May 14, 2020 search. (Dkt. 25.)

Having carefully reviewed the record, the Court will decline to exercise equitable jurisdiction over Petitioners' motions for return of the other seized property. As with the retained currency discussed above, the other items of property were seized as part of an ongoing criminal investigation. Although Petitioner has expressed an interest in the other

seized items, he has not articulated a need for return of the property or that any irreparable injury will result absent return of the items. Importantly, Petitioner has adequate legal remedies to pursue return of the property or monetary reparation for damages or other civil violations allegedly caused during the execution of the search warrant. Such claims may be raised in an appropriate civil action. For these reasons, the Court will deny Petitioner's motions for return of the remaining items of property.

**2.     Motion for Reconsideration Re: Unsealing Search Warrant Filings (Dkt. 10)**

On November 13, 2020, the Court granted Petitioner's motion to unseal the search warrant, affidavit, and search warrant return filed in the above-entitled matter for purposes of allowing Petitioner access to the same pursuant to District of Idaho Local Criminal Rule 49.1. (Dkt. 6.) Petitioner seeks reconsideration of that Order asking that the Court unseal all documents contained in the above entitled matter. (Dkt. 10.)

Petitioner argues unsealing the materials is required by the First Amendment and common law principles providing open access to the judicial system. (Dkt. 10.) The Government opposes the motion to the extent it seeks to unseal documents to the general public on the grounds that the search warrant affidavit, in particular, contains evidence of criminal conduct by unindicted individuals in an on-going investigation. (Dkt. 19.)

The Court finds the Government has shown a compelling governmental interest in keeping the search warrant affidavit under seal to the general public. Namely, that the affidavit contains evidence of an ongoing investigation of unindicted individuals. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989) (Warrant

seized items, he has not articulated a need for return of the property or that any irreparable injury will result absent return of the items. Importantly, Petitioner has adequate legal remedies to pursue return of the property or monetary reparation for damages or other civil violations allegedly caused during the execution of the search warrant. Such claims may be raised in an appropriate civil action. For these reasons, the Court will deny Petitioner's motions for return of the remaining items of property.

**2.     Motion for Reconsideration Re: Unsealing Search Warrant Filings (Dkt. 10)**

On November 13, 2020, the Court granted Petitioner's motion to unseal the search warrant, affidavit, and search warrant return filed in the above-entitled matter for purposes of allowing Petitioner access to the same pursuant to District of Idaho Local Criminal Rule 49.1. (Dkt. 6.) Petitioner seeks reconsideration of that Order asking that the Court unseal all documents contained in the above entitled matter. (Dkt. 10.)

Petitioner argues unsealing the materials is required by the First Amendment and common law principles providing open access to the judicial system. (Dkt. 10.) The Government opposes the motion to the extent it seeks to unseal documents to the general public on the grounds that the search warrant affidavit, in particular, contains evidence of criminal conduct by unindicted individuals in an on-going investigation. (Dkt. 19.)

The Court finds the Government has shown a compelling governmental interest in keeping the search warrant affidavit under seal to the general public. Namely, that the affidavit contains evidence of an ongoing investigation of unindicted individuals. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989) (Warrant

materials are traditionally kept secret in the midst of a pre-indictment investigation for important policy reasons.). That compelling interest outweighs the public and Petitioner's interests in public access to the warrant affidavit. The Court further finds there are no less restrictive means available to safeguard the compelling interest at this time given the ongoing nature of the investigation.[2]

Based on this record, the Court will deny Petitioner's motion for reconsideration to the extent it seeks to unseal the search warrant affidavit to the general public. (Dkt. 10.) The search warrant affidavit itself (Dkt. 1), and any filings revealing the contents of the search warrant affidavit shall remain under seal.

However, the Government has shown no compelling interest to retain the filings other than the warrant affidavit under seal. The Court will therefore order that the filings other than the warrant affidavit be unsealed on May 28, 2021, unless otherwise ordered by the Court. No later than noon on May 26, 2021, the Government may make a further showing as to why any of the other filings in this matter should remain under seal.

### 3.     Motions Regarding Discovery and Service (Dkt. 13, 14)

---

[2] There exists a private "right of access under the Fourth Amendment to the affidavit in support of the search warrant" during the pre-indictment stage, which vests in the individual or entity whose property was seized. *Societe d'Equipments Internationaux Nigeria, Ltd. v. Dolarian Capital, Inc.*, 2016 WL 4191887, at *1 (E.D. Cal. Aug. 8, 2016) (citing cases); *see also In re Searches and Seizures*, 2008 WL 5411772 (E.D. Cal. Dec. 19, 2008). Petitioner was provided with the search warrant affidavit and related materials upon his first motion. (Dkt. 6); (Staff Notes dated Nov. 13, 2020). The Clerk of the Court emailed Docket Nos. 1, 2, 3, and 6 to Petitioner as directed in the Court's Order at Docket 6. The remainder of the filings in the case have been either submitted by Petitioner or mailed to Petitioner.

Petitioner requests that he be allowed to pursue discovery and verify what property was seized during execution of the search warrant in this matter. (Dkt. 13.) In addition, Petitioner request that the Government be required to date stamp all pleadings and documents received from Petitioner and to "stop harassing" Petitioner when he serves documents upon the Government. (Dkt. 14.) The Government opposes the motions arguing 1) Petitioner is not a party in any criminal or civil case and, therefore, not entitled to discovery; and 2) there is no basis or authority for requiring the United States Attorney's Office to date stamp Petitioner's filings. (Dkt. 25.) The Government further notes that Petitioner is not required to effectuate service by personal delivery. (Dkt. 25.) The Court will deny Petitioner's motions relating to discovery and service.

Petitioner's request to pursue discovery concerns the property seized during the May 14, 2020 search. Petitioner alleges "a lot of property" was not disclosed on the Form DEA-12 and he seeks to review the articles seized to verify the accuracy of the report and assist him in raising legitimate and relevant issues concerning the items seized. (Dkt. 13.) However, Petitioner has identified no authority allowing a non-party to compel discovery as Petitioner seeks to do in this miscellaneous action.

The same is true as to Petitioner's request for a Court order directing particular actions by the Government with regard to receipt of service. The parties may effectuate and receive service by any means provided for under the rule. To that end, the Court notes that the assurances Petitioner seeks to obtain in his motion may be more readily attained by utilizing means of service other than personal delivery. Regardless of the chosen method for serving, the parties are prohibited from engaging in actions or conduct

intended and designed to harass or otherwise interfere with, discourage, or thwart effectuation of service.

## ORDER

**IT IS ORDERED that:**

1. Petitioner's Motions for Return of Seized Property (Dkt. 7, 15) are **GRANTED IN PART AND DENIED IN PART** as stated herein and as follows:

    a. The motion is GRANTED to the extent that the Government be directed to return $5,938.00 in seized currency from the purse and $5,020.00 seized from the bedroom safe to Petitioner.

    b. The motion is DENIED as to the remaining amounts of seized currency and other items of seized property.

2. Petitioner's Motion to Reconsider (Dkt. 10) is **GRANTED IN PART AND DENIED IN PART**. The Search Warrant Application and Affidavit (Dkt. 1) shall remain under seal. The Clerk shall unseal the remaining filings in this matter on **May 28, 2021**, unless otherwise ordered by the Court.

3. Petitioner's Motion for Discovery and Motion to the Court (Dkt. 13, 14) are **DENIED**.

DATED: May 18, 2021

B. Lynn Winmill
U.S. District Court Judge